UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BRYAN ALEXANDER MACDONALD, | Case No. 6:20-cv-00931-AA |
| Plaintiff, | ORDER TO PROCEED IN FORMA PAUPERIS AND TO COLLECT FILING FEE |
| v. | |
| KATE BROWN, Governor of Oregon; CHARLES ZENNACHE, Lane County Judge; CLIFTON G. HAROLD, Lane County Sheriff; CLINT RILEY, Director of Lane County, | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff, a prisoner formerly detained at Lane County Adult Corrections (LCAC), files this civil rights action pursuant to 42 U.S.C. § 1983 and alleges claims arising from LCAC's response to the COVID-19 pandemic.

Plaintiff initially sought preliminary injunctive relief. However, plaintiff is no longer confined at LCAC and his request for injunctive relief is moot. *See Nelson v. Heiss,* 271 F.3d 891, 897 (9th Cir. 2001) (explaining that "when a prisoner is moved from a prison, his action [for injunctive relief] will usually become moot as to conditions at that particular facility").

1 -    ORDER

Plaintiff also seeks the appointment of counsel. Although there is no constitutional right to counsel in a § 1983 case, this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate the claims in light of the complexity of the legal issues involved. *Id.*

At this time, plaintiff does not demonstrate that this is an exceptional case warranting volunteer counsel. Plaintiff is capable of articulating his claim, and the court cannot assess the likelihood of success at this stage of the proceedings.

Finally, plaintiff's moves for an order requiring defendants to file an Answer to his Amended Complaint. Plaintiff filed a Supplemental Complaint and an Amended Complaint before defendants filed an Answer to his initial Complaint. Defendants' Answer did not respond to the allegations in his Amended Complaint, because defendants maintain that plaintiff was required to seek leave of Court before filing an Amended Complaint. Regardless of whether plaintiff was required to seek leave from the Court, plaintiff's successive pleadings cause confusion, and he must assert all of his claims in one operative pleading.

Accordingly, plaintiff is directed to file a Second Amended Complaint, and plaintiff may include the claims asserted in his original, Supplemental, and Amended Complaints. Defendants shall then file an Answer in the normal course. Should plaintiff seek to include additional claims or defendants, plaintiff must first seek leave from the Court.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (ECF No. 4) is DENIED as moot, and plaintiff's Motions for Appointment of Counsel and to Compel Answer (ECF Nos. 3, 13, 30, 32)

2 -    ORDER

are DENIED. Within thirty days from receipt of this Order, plaintiff shall file a Second Amended Complaint as set forth above.

IT IS SO ORDERED.

DATED this  30th day of October, 2020.


/s/Ann Aiken
Ann Aiken
United States District Judge

3 -    ORDER